UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARGONAUT MANUFACTURING SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DNANUDGE LIMITED, <br><br> Defendant. | Case No.: 21-CV-1099-MMA-WVG <br><br> **ORDER ON JOINT MOTION FOR PROTECTIVE ORDER** |

On February 23, 2022, the Parties filed a Joint Motion for Protective Order ("Joint Motion") and requested this Court's entry of a protective order to maintain confidentiality in certain documents and information to be exchanged throughout this litigation. (Doc. No. 13.) On that same day, the Parties lodged an accompanying proposed order in compliance with Sections 2(f)(4) and 2(h) of the Court's Electronic Case Filing Administrative Policies and Procedures manual, as referenced in this Court's Civil Chambers Rule V. Now, having reviewed and considered the Parties' submissions, the Court finds good cause underlies the Joint Motion. Accordingly, the Court GRANTS the Joint Motion in its entirety and, upon issuance of this Order, makes enforceable the following language as submitted and agreed upon by the Parties:

///

In the interest of protecting confidential information from improper disclosure, the undersigned hereby GRANTS the parties' Joint Motion for Entry of Stipulated Protective Order pursuant to Fed. R. Civ. Proc. R. 26(c):

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: DLA Piper LLP (US) (counsel for Plaintiff Argonaut Manufacturing Services, Inc.) and

Dorsey & Whitney LLP (counsel for Defendant DnaNudge Limited).

## GENERAL RULES

4.  Each party to this litigation, or any third party responding to a subpoena issued in connection with this litigation, that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." ("HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" may be shortened to just "AEO" or "HIGHLY CONFIDENTIAL – AEO.") To the extent practicable, only those parts of documents, items, or oral and written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. If a designator learns that information or items that are designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation. Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – AEO") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted.

 a.  Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

 b.  Designation as "HIGHLY CONFIDENTIAL – AEO": Any party may designate information as "HIGHLY CONFIDENTIAL – AEO" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential

research, development, financial or other commercial information.

  5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "HIGHLY CONFIDENTIAL – AEO," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

  6. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

    a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO."

    b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

    c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - AEO," as appropriate, and the original or any copy

ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All confidential information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "HIGHLY CONFIDENTIAL – AEO" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts of the receiving party to whom disclosure is reasonably necessary for this action and who have signed the Acknowledgement and Agreement to Be Bound (Exhibit A), by court personnel, and by the additional individuals listed below:

   a. Technical personnel of the parties with whom counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action, and who have signed the Acknowledgement and Agreement to Be Bound (Exhibit A);
   b. Stenographic and clerical employees associated with the individuals identified above;
   c. Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Acknowledgement and Agreement to Be Bound (Exhibit A);
   d. The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information;
   e. Counsel retained to depose or defend the depositions of third-party witnesses; and

      f. Designated in-house counsel who (1) has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the Acknowledgement and Agreement to Be Bound (Exhibit A).

9. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), by court personnel, and by the additional individuals listed below:

      a. Executives (including in-house counsel) of the parties to whom disclosure is reasonably necessary because they are required to participate in policy decisions with reference to this action, and who have signed the Acknowledgement and Agreement to Be Bound (Exhibit A);

      b. Technical personnel of the parties with whom counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

      c. Stenographic and clerical employees associated with the individuals identified above;

      d. Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Acknowledgement and Agreement to Be Bound (Exhibit A);

      e. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Acknowledgment and Agreement to Be Bound (Exhibit A);

      f. The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information; and

      g. Counsel retained to depose or defend the depositions of third-party witnesses.

10. All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" by the producing or disclosing party, and any and

all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

11. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

12. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

13. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential

information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" - SUBJECT TO PROTECTIVE ORDER.

17. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must

not be disclosed.

19. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

21. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

22. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of

1  disclosure by the receiving party, its employees, or its agents in violation of this Order; or
2  (d) has come or will come into the receiving party's legitimate knowledge independently
3  of the production by the designating party. Prior knowledge must be established by pre-
4  production documentation.

5      23.    The restrictions and obligations within this order will not be deemed to
6  prohibit discussions of any confidential information with anyone if that person already has
7  or obtains legitimate possession of that information.

8      24.    Transmission by email or some other currently utilized method of
9  transmission is acceptable for all notification purposes within this Order.

10     25.    This Order may be modified by agreement of the parties, subject to approval
11 by the Court.

12     26.    The Court may modify the terms and conditions of this Order for good cause,
13 in the interest of justice, for public policy reasons, or on its own order at any time in these
14 proceedings. The parties prefer that the Court provide them with notice of the Court's intent
15 to modify the Order and the content of those modifications, prior to entry of such an order.

16     **IT IS SO ORDERED.**
17 Dated: February 23, 2022

_____
Hon. William V. Gallo
United States Magistrate Judge